IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED<br><br>*Plaintiff,*<br><br>VS.<br><br>URBAN, LLC d/b/a REBAR, RIVER CITY VENTURES, INC. d/b/a REVOLUTION ROOM, TED and CAROL THOMPSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SARAH THOMPSON<br><br>*Defendants.* | CIVIL ACTION NO. SA08CA0160 OG |

**PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Markel International Insurance Company Limited, moves this Court for summary judgment on its claim for declaratory relief as follows:

**INTRODUCTION**

Markel issued a Comprehensive Commercial General Liability Policy with number RAM08188 to Urban, LLC d/b/a Rebar. The policy was effective between November 6, 2004 and November 6, 2005. Markel also issued a Comprehensive Commercial General Liability Policy with number RAM08663 to River City Ventures, Inc. d/b/a Revolution Room. The policy was effective between April 16, 2005 and April 16, 2006.

In the Fifth Amended Original (sic) Petition, Carol Thompson and the Estate of Sarah Thompson include a tremendous number of factual allegations concerning the actions and inactions of the various defendants in that case. The essential facts on which the case is based,

however, may be summed up as follows:

- Sarah Thompson had consumed alcohol at Rebar even after she was obviously intoxicated
- As Sarah Thompson was walking across Broadway, a public roadway, to go to Revolution Room, she was struck and killed by an automobile driven by Jose Carlo Vara, Jr.
- Rebar and Revolution Room violated the Texas Dram Shop Act
- Rebar and Revolution Room created a dangerous condition in the public roadway due to a lack of parking and by encouraging patrons to cross the street to enter the various bars in that block of the public street

Urban, LLC d/b/a Rebar and River City Ventures, Inc. d/b/a Revolution Room have requested a defense and insurance coverage for the claims asserted in the underlying lawsuit.

Markel contends that the referenced insurance policies exclude coverage for the claims made against Rebar and Revolution Room. First and foremost, the policies exclude all claims for "bodily injury" (which is defined to include death) arising out of or caused or contributed to by the ownership, non-ownership, maintenance, use, or entrustment to others of <u>any</u> auto. See **MKL 01 Endorsement Paragraph R, Amendment of Auto Exclusion**. Second, despite allegations of a premise condition and inclusion of other negligence based claims, pursuant to the terms of the Dram Shop Act and Texas jurisprudence, the Dram Shop Act is the exclusive remedy of the Thompson Plaintiffs for any civil claim against Urban, LLC d/b/a Rebar and River City Ventures, Inc. d/b/a Revolution Room. *20801, Inc. v. Parker*, 249 S.W.3d 392 (Tex. 2008). The subject policies exclude coverage for bodily injury arising out of causing or contributing to the intoxication of any person and/or "any act of assuming or not assuming responsibility for the well being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol". **MKL 01 Endorsement at Paragraph W, Liquor Liability Exclusion Amended**. Third, the policies recite that the coverage provided "applies only to locations and operations that are described on the Declarations page or Extension of Declarations of this

policy". See **MKL 01 Endorsement Paragraph A, Classification Limitation Endorsement**. Because the auto-pedestrian accident on which the underlying suit is based happened in a public thoroughfare (i.e. the premises condition about which the underlying plaintiffs complain) and not on Rebar's and/or Revolution Room's premises (i.e. the area insured by the subject Markel policies), the policies do not provide coverage for the claims made in the underlying suit. Finally, there is no coverage for the gross negligence and punitive damage claims asserted in the underlying case. See **MKL 01 Endorsement at Paragraph E, Punitive/Exemplary Damages Exclusion**. Additionally, Markel notes that both policies have policy limits of only $500,000 in any event.

## SUMMARY JUDGMENT EVIDENCE

Markel relies upon the pleadings on file with this Court, as well as the following evidence to support its Motion for Summary Judgment, all of which is fully incorporated as if set forth in full:

Exhibit "A" - Fifth Amended Original (sic) Petition from underlying wrongful death case styled *Carol Thompson, Individually and on Behalf of the Estate of Sarah Thompson v. Jose Carlo Vara, Jr. et. al.*, currently pending in the 225th Judicial District Court of Bexar County, Texas, with Cause No. 2007-CI-00538

Exhibit "B" - Policy Number RAM08188 issued to Urban, LLC d/b/a Rebar

Exhibit "C" - Policy Number RAM08663 issued to River City Ventures, Inc. d/b/a Revolution Room

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Mid-Continent Cas. Co. v. Third Coast Packaging Co., Inc.*, 342 F.Supp.2d 626, 628 (S.D. Tex. 2004) (quoting FED. R. CIV. P. 56 (c)). This Court must view the evidence in a light most favorable to the non-movant. *Id.*

(citation omitted). The party moving for summary judgment must demonstrate the absence of a genuine issue of a material fact, but need not negate the elements of the non-movant's case. *American Equity Ins. Co. v. Castelmane Farms, Inc.*, 220 F.Supp.2d 809, 811-12 (S.D. Tex. 2002) (citations omitted). If the movant meets its burden, the non-movant must go beyond the pleadings and designate specific facts to show that there is a genuine issue for trial. *Id.* (citation omitted). If the non-movant's evidence presented to rebut the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

## GENERAL TENETS OF COVERAGE LAW

Under Texas law, a court determines an insurer's duty to defend by examining the allegations in the petition filed against the insured and the relevant insurance policy. *Guideone Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305 (Tex. 2006); *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). It is not the cause of action alleged that determines coverage, but the <u>facts</u> giving rise to the alleged actionable conduct. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex. App.-Houston [14th Dist.] 1993, writ. denied) (emphasis added). For such a duty to be established, the pleadings must allege a claim that is "potentially" covered by the applicable policy. *Fidelity & Guar. Ins. Underwriters v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). When a petition makes allegations which, if proved, would place the claim within an exclusion from coverage, there is no duty to defend. *Cullen/Frost Bank v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 255 (Tex. App.- Dallas 1993, writ denied).

The duty to defend is determined by the allegations in the underlying pleadings and the language of the insurance policy. *Merchs. Fast Motor Lines*, 939 S.W.2d at 141 (Tex. 1997).

This standard is referred to as the "eight corners" or "complaint allegation" rule. *Id.* When courts apply the "eight corners" rule, they give the allegations in the petition a liberal interpretation in favor of the insured. *Id.* The allegations are considered in light of the policy provisions without reference to their truth or falsity and without reference to what the parties know or believe to be the true facts. *See Argonaut S.W. Ins. Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex. 1973). The facts alleged in the petition against the insured are presumed to be true when gauging the insurer's duty to defend. *Heyden Newport Chem. Corp. v. Southern Gen'l Ins. Co.,* 387 S.W.2d 22, 24 (Tex. 1965). The court may not read facts into the pleadings, look outside the pleadings, or "imagine factual scenarios which might trigger coverage." *Merchs. Fast Motor Lines, Inc.,* 939 S.W.2d at 142.

The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy. *Guaranty Nat'l Ins. v. Vic Mfg. Co.,* 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n,* 887 S.W.2d 506, 507 (Tex. Civ. App.–San Antonio 1994, writ denied)). Once the insurer has proven that an exclusion applies, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion. *Id.* In *Royal Surplus Lines Ins. Co. v Brownsville Indep. School Dist.,* 404 F.Supp.2d 942, 949 (S.D. Tex. 2005), Judge Hanen elaborated on this principle and stated:

> In the summary judgment context, the insured must come forward with facts that raise a question of material fact as to the existence of a covered claim. Then, and only then, will the burden re-shift to the insurer to prove an exclusion or provide another reason for not paying. Finally, if the insurer has shown that the losses are excluded, then the insured must raise a fact issue as to an exception to the exclusion.

Although the well-established rule is that insurance policies are to be strictly construed in favor of the insured, this is not true when a term in question is susceptible of only one reasonable

5

construction. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936 (Tex. 1984). When there is no ambiguity, it is the Court's duty to give the words their plain meaning. If the facts as pleaded establish a *prima facia* case showing that the claim is not covered under the policy, the insurer has no duty to defend. *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex. App. – Houston [1st Dist.] 1990, writ denied).

In Texas, the interpretation of insurance policies is governed by the same rules of construction applicable to other written contracts. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex. 1995). In construing a written contract, the court's primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). Terms in an insurance contract will be given their ordinary meaning unless the policy shows that the words were meant in a technical or different sense. *Security Mut. Cas. Co. v. Johnson,* 584 S.W.2d 703, 704 (Tex. 1979). The court must read all parts of the contract together and must strive to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative. *Balandran v. Safeco Ins. Co. of Am.,* 972 S.W.2d 738, 741 (Tex. 1998). If terms in the contract can be given a definite or certain legal meaning, they are not ambiguous and the court will construe the contract as a matter of law. *Coker,* 650 S.W.2d at 393. However, if, after applying these rules of construction, an insurance policy remains ambiguous, the court is to construe the language in a manner that favors coverage. *Beaston,* 907 S.W.2d at 433. After considering the rules of interpretation, summary judgment generally is appropriate in cases where the language at issue in the contract is unambiguous. *Ramsey v. Maryland Am. Gen'l Ins. Co.* 533 S.W.2d 344, 346 (Tex. 1976).

### ARGUMENT AND AUTHORITIES

The subject policies provide in the coverage form that Essex "will pay those sums that

the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," but only if the "bodily injury or property damage is caused by an 'occurrence' during the policy period." (*See* Exhibits "B" at URB00027 and "C" at RIV00024).  As is common, however, this grant of coverage is limited and/or modified by certain definitions and exclusions found in the policies.  In this instance, the policies specifically exclude coverage for the claims asserted by the plaintiffs in the underlying case and, therefore, Markel is entitled to summary judgment as a matter of law.

      **A.**    **The policies exclude all claims for "bodily injury" (which is defined to include death) arising out of or caused or contributed to by the ownership, non-ownership, maintenance, use, or entrustment to others of <u>any</u> auto.**

The pleadings in the underlying case plainly recite the factual allegation that Sarah Thompson's death arose out of Jose Carlo Vara, Jr.'s use of an automobile.  The exclusion is not ambiguous in any sense—it clearly applies to all bodily injury claims caused or contributed to by any autos whether owned by the insured or not.  See **MKL 01 Endorsement Paragraph R, Amendment of Auto Exclusion** in Exhibit B at page URB00021 and Exhibit C at page RIV00021.  In that the entire underlying case is founded upon this auto-pedestrian accident, the suit is one for bodily injury arising out of the use of an auto.  Because the policy excludes coverage for those type claims, there simply is no coverage for Urban or Revolution Room and no duty for Markel to defend either in light of this exclusion. Accordingly, Markel is entitled to summary judgment as a matter of law.

      **B.**    **Dram Shop Act is exclusive remedy of underlying plaintiffs**

In a section of their pleadings described as "affirmative defense to contributory negligence claim", the underlying plaintiffs specifically allege that "Rebar served Sarah Thompson after she was obviously intoxicated and served her free drinks without regard to

7

whether she became a danger to herself or others". See Exhibit A at page 11. The pleadings recite that Ms. Thompson was 24 years old when she died. *Id.* Although the underlying plaintiffs allege causes of action against Rebar and Revolution Room for negligence and premises condition, Texas law makes clear that the exclusive remedy the underlying plaintiffs have against Rebar and Revolution Room is one under the Dram Shop Act. Specifically, the Dram Shop Act provides that the liability of providers under the Dram Shop Act for the actions of their employers, customers, or guests who are or become intoxicated is "in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverage" and is the "exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." *See* Tex. Alco. Bev. Code §2.03(a) and (c). A recent Texas Supreme Court decision confirms this. *20801, Inc. v. Parker*, 249 S.W.3d 392 (Tex. 2008).

In *Parker*, the court of appeals had concluded that a customer's premises liability action against a pool hall owner for injuries he sustained in the parking lot when assaulted by another allegedly intoxicated customer was barred by the exclusivity provision of the Dram Shop Act. The appellate court wrote that a "plain reading of section 2.03 [of the Dram Shop Act] obtains only one meaning: 20801's common law duty as a premises owner is preempted by the Code". *20801, Inc. v. Parker*, 194 S.W.3d 556, 563 (Tex.App.-Houston [14th Dist.] 2006). Although the Supreme Court reversed the appellate court decision on the issue on burden of proof on the elements of the Safe Harbor Provision of the Dram Shop Act, it left in tact that part of the decision concerning the exclusive remedy. Therefore, the controlling law in Texas is that claims against a provider of alcohol "for the actions of their employees, customers, members or guests who are or become intoxicated is in lieu of common law or other statutory law warranties and duties". *20801, Inc. v. Parker*, 249 S.W.3d. 392 (Tex. 2008). Thus, the only remedy the

Thompson Plaintiffs have against Rebar and Revolution Room is a claim under the Dram Shop Act.

The subject policies specifically exclude coverage exclude coverage for bodily injury arising out of causing or contributing to the intoxication of any person and/or "arising out of… providing or failing to provide transportation, detaining or failing to detain any person, or any act of assuming or not assuming responsibility for the well-being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol". See **MKL 01 Endorsement at Paragraph W, Liquor Liability Exclusion Amended** in Exhibit B at page URB00022 and Exhibit C at page RIV00022. The underlying pleadings contain allegations that Sarah Thompson had consumed alcohol. See Exhibit A at page 11. Her death is alleged to be at least partially caused by her consumption of alcohol (although the underlying plaintiffs couch those pleadings as a defense to a contributory negligence claim). See Exhibit A at pages 10-11. Because the policies exclude coverage for the one claim or cause of action allowed to the underlying plaintiffs by Texas law, Markel has no duty to defend Rebar or Revolution Room and Markel is entitled to summary judgment as a matter of law.

 **C.** **The policies only provide coverage to locations and operations that are described on the Declarations page or Extension of Declarations of this policy, not the public street**

The Thompson Plaintiffs allege that Sarah Thompson's death was caused by some "premises condition" related to the defendants below creating an unsafe condition caused by the "location of these bars, and lack of adequate and safe parking". See Exhibit A at page 8. The unsafe condition "meant patrons would need to park on side streets or wherever they were able and walk back and forth between bars rather than moving their cars" and "thus created additional pedestrian traffic at a location where there was no cross walk or street light". *Id.* In short, this

allegedly dangerous condition existed in the public street where Sarah Thompson was struck and killed by the automobile driven by Jose Carlo Vara, Jr.

The subject Markel policies contain an endorsement limiting the coverage provided "only to locations and operations that are described on the Declarations page or Extension of Declarations of this policy" and plainly reciting that "if any operation(s) and/or location(s) are not described, they are not covered hereunder". See **MKL 01 Endorsement Paragraph A, Classification Limitation Endorsement** in Exhibit B at page URB00017 and Exhibit C at page RIV00017. The policy issued to Rebar recites that its location is 8134 Broadway, San Antonio, Texas 78217. See Exhibit B at page URB00001. Rebar's Business Description is listed as "Tavern". *Id.* The policy issued to Revolution Room recites that its location is 8123 Broadway, San Antonio, Texas 78209. See Exhibit C at page RIV00001. Revolution Room's Business Description is listed as "Tavern". *Id.* Although the policies do not define the term "Tavern", certain dictionaries define the term as:

- A place where liquors are sold to be consumed on the premises—Dictionary.com
- An establishment licensed to sell alcoholic beverages to be consumed on the premises—American Heritage Dictionary
- An establishment where alcoholic beverages are sold to be drunk on the premises—Merriam Webster's Online Dictionary

These common definitions indicate that a tavern is a place where drinks are sold to be consumed <u>on the premises</u>. This confirms that the policies were written to provide coverage only for activities at the insured's place of business and not for some condition created in the street between the bars. Therefore, in light of the unambiguous language of the **Classification Limitation Endorsement**, and irrespective of the exclusive remedy argument discussed above, the premises condition allegations are not covered and Markel is entitled to summary judgment as a matter of law.

### D. The policies exclude coverage for punitive damages

The Thompson Plaintiffs seek recovery of punitive damages. See Exhibit A. The policies issued to Rebar and to Revolution Room contain an endorsement specifically excluding coverage for those type damages. See **MKL 01 Endorsement at Paragraph E, Punitive/Exemplary Damages Exclusion** in Exhibit B at page URB00018 and Exhibit C at page RIV00018. Thus, Markel is entitled to summary judgment excluding coverage for those allegations as well as for the other reasons set forth above.

### E. The policies provide limits of only $500,000

The Thompson Plaintiffs seek recovery of actual damages amounting to $3,000,000 and punitive damages in the amount of $6,000,000. The policies issued to Rebar and to Revolution Room provide liability limits of only $500,000 for each occurrence. See Exhibit B at page URB00016 and Exhibit C at page RIV00016. Thus, should the court somehow find the foregoing arguments unpersuasive and find that Markel has duty to defend Rebar and/or Revolution Room, Markel submits that it nevertheless is entitled to summary judgment holding that the limits of coverage under each policy is $500,000.

### PRAYER

Markel prays that its Motion be granted and the Court enter Final Summary Judgment as follows:

A. Declaration that the referenced policies of insurance provide no coverage for and no duty on behalf of Markel to defend and/or indemnify Urban, LLC d/b/a Rebar and/or River City Ventures, Inc. d/b/a Revolution Room in the cause of action arising out of the incident(s) described in the lawsuit styled *Ted and Carol Thompson, Individually and on Behalf of the Estate of Sarah Thompson v. Jose Carlo Vara, Jr. et. al.*, currently pending in the 225th Judicial

11

District Court of Bexar County, Texas, with Cause No. 2007-CI-00538;

      B.    Awarding Markel its reasonable and necessary attorneys' fees and costs of court incurred in this cause as available by law; and

      C.    Such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

                              Respectfully submitted,

                              */s/ Les Pickett*

                              Les Pickett
                                  Federal I.D. No. 14306
                                  State Bar No. 15980520
                              Ashley A. Mannschreck
                                  Federal I.D. No. 685546
                                  State Bar No. 24043519

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700
(713) 599-0777 – facsimile

ATTORNEY-IN-CHARGE FOR
MARKEL INTERNATIONAL INSURANCE
COMPANY LIMITED

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been forwarded to the following known counsel of record on October 30, 2008:

Lori Hanson
CLARK, THOMAS & WINTERS
McCombs Plaza, Suite 165
755 East Mulberry
San Antonio, Texas 78212

Earle E. Cobb, Jr.
Attorney at Law

101 Stumberg
San Antonio, Texas  78204

*/s/ Les Pickett*
_____
Les Pickett
Ashley A. Mannschreck