IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. SA08CA0160 OG |
| URBAN, LLC d/b/a REBAR, RIVER CITY VENTURES, INC. d/b/a REVOLUTION ROOM, TED and CAROL THOMPSON, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SARAH THOMPSON | § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S REPLY TO THOMPSON DEFENDANTS'
RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Markel International Insurance Company Limited, files this supplemental briefing in support of its Motion for Summary Judgment and as a Reply to the Response filed on behalf of Carol Thompson, Individually and on Behalf of the Estate of Sarah Thompson, as follows:

1.  The Thompsons fail to raise a genuine issue of material fact or to provide any law contradicting that cited by Markel in its Motion for Summary Judgment. Instead, they simply claim that the Dram Shop Act does not preempt their common law premises liability claims and that the auto exclusion in the subject insurance policies is inapplicable purportedly because they do not allege that Sarah Thompson's death arose out of the use of an automobile. As will be demonstrated below, not only are these claims not supported by the law, but they border on being frivolous.

2. The Thompsons plead that Markel provided a "woefully incomplete version of the facts", but the bullet point list the Thompsons provide in their Response are not all "facts". Indeed, some of those bullet point items are little more than legal contentions or allegations (*see*, for example, bullet point nos. 4, 5, 6, 7, 11 and 12 in Thompson's Response at pages 2-3.) What the Thompsons fail to acknowledge is this: Texas law provides "it is not the cause of action alleged which determines coverage but the *facts* giving rise to the alleged actionable conduct". *Adamo v. State Farm Lloyd's Co.*, 853 S.W.2d 673, 676 (Tex. App. – Houston [14th Dist.] 1993, writ denied). The Thompsons refuse to acknowledge this tenet of Texas law. In fact, in their Response, they write that "Markel's argument, however, simply ignores the fact the Thompsons have alleged more than one theory regarding the proximate cause of the death of Sarah Thompson." *See* Response at page 7. Again it is not the theory, but the facts which control the coverage analysis.

3. In the *Adamo v. State Farm* case, State Farm filed a suit for declaratory judgment claiming that it did not have a duty to provide a defense to its insured in a suit for legal malpractice. State Farm provided a homeowner's policy to Samuel Adamo. The Court of Appeals wrote "the factual scenario giving rise to Marino's (the underlying plaintiff) claims is of ultimate importance in determining whether the trial court properly concluded that [State Farm] had no duty to defend [Adamo] in the Marino lawsuit". *Adamo*, 853 S.W.2d at 675. In concluding that the trial court was correct in finding that the homeowners policy specifically excluded coverage for the factual allegations lodged against the insured, the court made these observations:

> But for Adamo's advice that Marino leave the United States, the property would not have been transferred to Rebescher. But for the fact that Adamo and Cornelius were lawyers, Marino would not have turned to them for help in

> the criminal matter. But for their counsel *as attorneys,* Marino would not have relied upon their suggestions on how to administer his affairs while he was gone, nor would Tana have been sued for conduct resulting from her husband's actions as Marino's attorney. The fact that Marino and the Adamo were friends is incidental to the facts giving rise to this lawsuit. When legal malpractice is claimed, the mere existence of a friendship between the attorney and client does not automatically implicate a duty to defend the attorney by the insurance carrier under some other broad, non-malpractice insurance, such as a homeowners policy....The origin of all the damages alleged by Marino stems from this professional relationship between him and Adamo and in determining the applicability of an exclusion, we must focus on the origin of the damages and not the legal theories asserted for recovery.

*Adamo,* 853 S.W.2d 676-77 (emphasis added).

4. Just as in *Adamo,* this Court should focus on the origin of the damages not the legal theories asserted. In doing so, this Court will conclude "but for" the auto-pedestrian accident in the public thoroughfare which resulted in the death of Sarah Thompson, there would be no lawsuit. It is of no consequence that the Plaintiffs wish to bring various causes of action against various Defendants. The theories of liability do not control the duty to defend analysis. The insurance policies at issue in this case very plainly recite that the insurance does not apply to bodily injury "arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of any auto". See **MKL 01 Endorsement Paragraph R, Amendment of Auto Exclusion** in Markel's Motion for Summary Judgment Exhibit B at page URB00021 and Exhibit C at page RIV00021. The language of the Endorsement does not say that it excludes coverage for bodily injury claims when the use of an auto is the proximate cause or the bodily injury. Instead, it excludes all claims which arise out of, are caused by or contributed to by the use of an auto.

5. The "arising out of" language is significant because the Fifth Circuit has recognized such words are not narrow and specifically limited words but, instead, are broad, general and comprehensive terms affecting broad coverage. *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co. of Wis.*, 189 F.2d 374, 378 (5th Cir. 1951). The words "arising out of" are ordinarily understood to mean "originating from, having its origin in, growing out of, flowing from, incident to, or having connection with". *Id.* Furthermore, the Fifth Circuit has noted that when an exclusion precludes coverage for injuries arising out of certain described conduct, a claim need only bear only "an incidental relationship" to the described conduct for the exclusion to apply. *Scottsdale Ins. Co. v. Tex. Sec. Concepts and Investigation*, 173 F.3d 941, 943 (5th Cir. 1999). The Texas Supreme Court has held that the phrase "arise out of" means that there simply is a "causal connection or relation". *Utica Nat'l Ins. Co. of Texas v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004).

6. Texas law holds that there must be "a causal connection or relation....between the accident or injury and the use of the motor vehicle" before liability will be deemed to "arise out of the use of a motor vehicle". *See LeLeaux v. Hamshire-Fannett Independent School District*, 835 S.W.2d 49, 51 (Tex. 1992) and *Nat. Union Fire Ins. Co. v. Merch. Fast Motor Line, Inc.*, 939 S.W. 2d 139, 142 (Tex. 1997). In *LeLeaux,* the court held that when the vehicle is only the locational setting for an injury, then the injury does not arise out of the use of the vehicle. There, a student jumped up from where she had been sitting in the open doorway of an empty school bus and hit her head on the doorframe. The court concluded that the injury did not result from the use of the motor vehicle because the bus was nothing more than the place where the plaintiff happened to injury herself. The court reached a similar conclusion in *Merch. Fast Motor Lines* finding that the truck driver's discharge of a firearm resulting in a bullet striking a passenger in a

van traveling alongside did not state a causal relationship between the use of the truck and the shooting because the automobile was merely the "situs of the accident" and, under those facts, there was not sufficient facts to "establish the necessary nexus between the use of the vehicle and the accident to warrant the conclusion that the accident resulted from the use". In yet another case, the Texas Supreme Court has used the following three-pronged test to determine whether an injury arises out of the use of a motor vehicle for purposes of auto liability insurance coverage:

> 1. The accident must have arisen out of the inherent nature of the automobile as such;
> 2. The accident must have arisen within the natural territorial limits of an automobile and the actual use must not have terminated;
> 3. The automobile must not merely contribute to cause the condition which produces the injury, but must itself produce the injury.
> -- *Mid-Century Ins. Co. v. Lindsey*, 997 S.W.2d 153, 157 (Tex. 1999).

More recently, the Texas Supreme Court held that a motor vehicle accident occurs when one or more vehicles are involved with another vehicle, an object, or a person, the vehicle is being used as a motor vehicle, and a causal connection exists between the vehicle's use and the injury-producing event. *Texas Farm Bureau Mutual Insurance Co. v. Sturrock*, 146 S.W. 3d 123 (Tex. 2004).

7.      The underlying pleadings make clear that Sarah Thompson's death arises out of Jose Carlo Vara's operation of a motor vehicle, *i.e.* an auto. For the foregoing reasons, it truly taxes credulity for the Thompsons to claim that the death of Sarah Thompson did not arise out of, was not caused by, or was not contributed to by the use of an auto. Having shown the applicability of this exclusion, it is of no moment that they may bring various causes of action or other theories of liability against Urban, LLC d/b/a Rebar and/or River City Ventures, Inc. d/b/a Revolution

Room. The origin of the damages is the auto-pedestrian accident. The subject policies expressly exclude coverage for this suit and Markel is entitled to summary judgment as a matter of law.

8. Alternatively should further argument be necessary, Markel notes that the Thompsons allege that their common law premises liability claims are not preempted by the Texas Dram Shop Act. However, they take no steps whatsoever to attempt to differentiate or distinguish their case from the facts under consideration in *20801, Inc. v. Parker*, 249 S.W. 3d 392 (Tex. 2008). As discussed in Markel's motion, that case concerned a premises liability claim asserted by the patron of a bar against the bar owner. The Court of Appeals ruled that his premises liability claim was preempted by the Dram Shop Act and the Texas Supreme Court left intact that part of the ruling. In fact, the Thompsons allege in their Response that their claims "do not involve the provision, sale, or service of alcohol". Perhaps the Thompsons have forgotten the allegations in their pleadings of the underlying case wherein they plead:

> Rebar served Sarah Thompson after she was obviously intoxicated and served her 'free drinks' without regard to whether she became a danger to herself or others. The corporate owners of Rebar and Revolution Room are liable for the Dram Shop violations because their seller/servers did not have valid TABC certifications...Rebar knew or should have known that it had created a dangerous situation by over serving Sarah Thompson ... [but] nevertheless allowed Sarah Thompson to leave the bar in an attempt to cross what they knew to be a dangerous thoroughfare.

*See* Exhibit A to Markel's Motion at pages 10-11. Moreover, those same pleadings very specifically recite that "Sarah Thompson's injuries and subsequent death were caused in whole or in part by Rebar's violation of Tex. Alco. Bev. Code § 2.02(b)". *Id.* The Thompsons' assertion that their claims against the bars are not based on any bodily injuries suffered by Sarah Thompson as a result of the bars' provision of alcohol or the bars' failure to assume responsibility for the wellbeing of any person suspected to be under the influence of alcohol is patently frivolous. Markel has demonstrated that the Dram Shop Act preempts any state

premises liability claim and that there is a Liquor Liability Exclusion Endorsement in both policies thereby excluding coverage for the allegations asserted in the underlying suit. For those reasons, Markel is entitled to summary judgment as a matter of law.

9. The Thompsons further somehow contend that Markel failed to address their state law premises liability claim. To the contrary, Markel addressed it in both the Liquor Liability Exclusion section of its pleading and in the section of its motion concerning the **Classification Limitation Endorsement.** The Thompsons contend that there is a flaw in Markel's argument concerning the **Classification Limitation Endorsement** because it allegedly "improperly conflates the location of the accident with the location of the underlying negligence". *See* Response at page 10. Again, it is not the theories or causes of action which determine the duty to defend. Instead, it is the facts. The facts pleaded in the underlying case show that the accident happened in a public street. The policies at issue specifically limit coverage "only to locations and operations that are described on the Declarations Page or Extension of Declarations of this Policy". As discussed in Markel's motion, the coverage provided by this Policy does not extend to the street and that is the "dangerous condition" or "premises condition" about which the Plaintiffs complain. Contrary to their allegations in their Response at page 11, the Plaintiffs have not alleged that "the Bar's premises as described in the Policy was the proximate cause of the injuries". For these reasons, Markel is entitled to summary judgment as a matter of law.

## PRAYER

Markel prays that its Motion for Summary Judgment be granted and the Court enter Final Summary Judgment as follows:

A. Declaration that the referenced policies of insurance provide no coverage for and no duty on behalf of Markel to defend and/or indemnify Urban, LLC d/b/a Rebar and/or River

City Ventures, Inc. d/b/a Revolution Room in the cause of action arising out of the incident(s) described in the lawsuit styled *Ted and Carol Thompson, Individually and on Behalf of the Estate of Sarah Thompson v. Jose Carlo Vara, Jr. et. al.*, currently pending in the 225th Judicial District Court of Bexar County, Texas, with Cause No. 2007-CI-00538;

B.    Awarding Markel its reasonable and necessary attorneys' fees and costs of court incurred in this cause as available by law; and

C.    Such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Les Pickett*

Les Pickett
    Federal I.D. No. 14306
    State Bar No. 15980520
Ashley A. Mannschreck
    Federal I.D. No. 685546
    State Bar No. 24043519

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700
(713) 599-0777 – facsimile

ATTORNEY-IN-CHARGE FOR
MARKEL INTERNATIONAL INSURANCE
COMPANY LIMITED

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following known counsel of record on November 14, 2008:

Lori Hanson
CLARK, THOMAS & WINTERS

McCombs Plaza, Suite 165
755 East Mulberry
San Antonio, Texas 78212

Earle E. Cobb, Jr.
Attorney at Law
101 Stumberg
San Antonio, Texas 78204

                                         */s/ Les Pickett*
                                         _____
                                         Les Pickett
                                         Ashley A. Mannschreck